UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY D. WILLIAMS,<br><br>   Petitioner,<br><br>   v.<br><br>EDMUND G. BROWN,<br><br>   Respondent. | 1:15-cv-00092-SKO (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

In this case, the petitioner is challenging a sentence imposed pursuant to a conviction from the Los Angeles County Superior Court, which is in the Central District of California.

Title 28 U.S.C. § 2241(d) provides with respect to venue, jurisdiction, and transfer in a habeas proceeding pursuant to 28 U.S.C. § 2254:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have

> concurrent jurisdiction to entertain the application. The
> district court for the district wherein such application
> is filed in the exercise of its discretion and in furtherance
> of justice may transfer the application to the other
> district court for hearing and determination.

Although venue is generally proper in either the district of the prisoner's confinement or the convicting court's location, petitions challenging a conviction preferably are heard in the district of conviction, Laue v. Nelson, 279 F.Supp. 265, 266 (N.D.Cal.1968); petitions challenging execution of sentence are preferably heard in the district where the inmate is confined, Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). A court should further consider traditional considerations of venue, such as the convenience of parties and witnesses and the interests of justice. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973).

Title 28 U.S.C. § 1406(a) provides that where there has been filed a case laying venue in the wrong division or district, a district court shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought.

Here, the relief Petitioner requests is based on, and would affect, the terms of the sentence imposed in the convicting court. Although Petitioner was housed within this district at the time the petition was filed, to the extent that Petitioner is seeking relief pursuant to § 2254, venue is proper in the district of Petitioner's conviction, namely, the Central District of California.

The Court concludes that it would be in the interest of justice to transfer the petition to the district of conviction.

Therefore, the petition should have been filed in the United States District Court for the Central District of California.

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.
IT IS SO ORDERED.

Dated: **January 27, 2015**                    **/s/ Sheila K. Oberto**
                                                              UNITED STATES MAGISTRATE JUDGE